UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. EARLS Jr., *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-00359-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY THIS CASE AND EXTEND THE DISCOVERY DEADLINE WITHOUT PREJUDICE TO RE-FILING AND DIRECTING DEFENDANTS TO MAIL PLAINTIFF A COPY OF HIS DEPOSITION<br><br>ECF No. 30 |

Pending before the court is plaintiff's motion to stay the case and to extend discovery deadlines. ECF No. 30. Plaintiff additionally argues that he has not received access to his deposition transcript.

**Motion to Modify the Scheduling Order**

On plaintiff's prior motion, the court modified the April 3, 2023 discovery and scheduling order to extend the discovery and dispositive motion deadlines. ECF No. 28. All discovery requests were to have be served no later than September 15, 2023, and any discovery motions filed by October 31, 2023. *Id.*

1

On October 10, 2023, defendants moved to compel supplemental responses from plaintiff on two requests for production and five interrogatories.[1] ECF No. 29.  Three days later, plaintiff moved to extend the discovery deadline and to stay this case.[2] ECF No. 30.  Plaintiff argues that he has not been able to make copies of legal documents and that he has not been provided an opportunity to review his deposition transcript.  *Id.* at 1-2.  Defendants oppose plaintiff's motion, arguing that plaintiff's inability to make copies or review his deposition transcript does not necessitate good cause for extending discovery.  ECF No. 31.

Plaintiff's motion is denied without prejudice to refiling.  It is not apparent from the motion whether plaintiff seeks time to serve discovery requests or to submit supplemental responses.  If plaintiff seeks to request discovery, he must move to modify the scheduling order, which will only be modified "upon a showing of good cause."  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and quotations omitted); *see* Fed. R. Civ. P. 16(b).  Plaintiff must articulate why he was not able to seek discovery earlier.  *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).  If, however, plaintiff seeks time to submit supplemental responses that are the subject of defendants' motion to compel, he should explain that in a motion to modify the scheduling order.

Plaintiff also seeks to stay this case until the resolution of grievances he has filed at his institution relating to his alleged inability to make copies.  ECF No. 30.  Plaintiff's motion in that regard is denied.  As noted above, plaintiff may re-file a motion to modify the scheduling order.

## Plaintiff's Deposition Transcript

Plaintiff claims that he has not been allowed to review his deposition transcript despite having submitted multiple requests to do so to his institution's litigation coordinator.  ECF No. 30.  Federal Rule of Civil Procedure 30(e) allows for deponents to review deposition transcripts, but only on request by the deponent or a party before the deposition is completed.  Fed. R. Civ. P.

---

[1] The court will address this motion once it is fully briefed.  Plaintiff is reminded that his response to this motion was due on October 31, 2023.

[2] While plaintiff's motion was docketed after defendants filed their motion to compel, plaintiff signed his motion on October 9, 2023, and the motion does not appear to be a response to defendants' motion.

30(e)(1). In the interest of efficiency, defendants are directed to mail plaintiff a copy of his deposition transcript.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to modify the scheduling order and stay the case, ECF No. 30, is denied without prejudice to re-filing.

2. Defendants shall mail plaintiff a copy of his deposition transcript.

IT IS SO ORDERED.

Dated:   November 16, 2023              _____
                                        JEREMY D. PETERSON
                                        UNITED STATES MAGISTRATE JUDGE